Daniel G-. Albert, J.
In this action brought pursuant to article 15 of the Beal Property Actions and Proceedings Law, the plaintiff, who obtained a deed to the .subject premises from the Treasurer of Nassau County dated April 1, 1969 on the basis of several allegedly unpaid tax liens, .secured a judgment declaring him to be the owner of the premises. The judgment, entered November 13, 1969, was granted upon the defendant David D. Tiffany’s default in appearing and upon the defendant Urnted States of America’s default in opposing plaintiff’s motion for summary judgment.
By an order of this court (D’Auria, J.), dated August 21, 1970, the executor of the defendant Tiffany, who died on June *183 20, 1970, was substituted as a party defendant in decedent’s place. By the instant application, the executor seeks an order : (1) vacating the default judgment previously entered herein; (2) permitting him to interpose an answer; (3) vacating the deed from the County Treasurer to plaintiff, and (4) directing the discharge of plaintiff’s tax lien upon the payment into court of the amount thereof with interest.
The papers submitted in support of the application present a strong evidentiary showing that at the time the action was commenced and at the time the default judgment was entered, the decedent David D. Tiffany, although not judicially declared an incompetent, was 1 ‘ an adult incapable of adequately prosecuting or defending his rights ” (-CPLR 1201). As such, he should have been represented in the action by a guardian ad litem and, indeed, it is questionable whether any appearance by the defendant Tiffany either pro se or by an attorney, without the appointment of a guardian ad litem, would have been authorized (cf. CPLR 321, subd. [a]).
Additionally, it appears that the summons and complaint were served upon the decedent by substituted service under former subdivision 3 of CPLR 308. Under the circumstances revealed by the moving papers, utilization of that method of service raises even more doubt that the decedent was capable of understanding the processes that were taking place and the possible consequences.
Accordingly, so much of the instant motion as seeks vacatur of the default judgment against the decedent and leave to interpose an answer is granted. The other relief requested may not be granted summarily upon affidavits but must await a plenary trial of the issues raised by • the pleadings. Accordingly, so much of the motion as seeks to vacate the Treasurer’s deed and the tax liens under which plaintiff acquired the deed is denied.